IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TIDIANE KONE,<br><br>                Petitioner,<br><br>        v.<br><br>JAMES MILBURN,<br><br>Superintendent, Spring Creek Correctional Center,[1]<br><br>                Respondent. | Case No. 3:22-cv-00233-SLG |

## ORDER OF DISMISSAL

On October 25, 2022, Tidiane Kone, a self-represented prisoner, filed a "Notice to the Court for Removal," which included a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition").[2] Mr. Kone also filed a civil cover sheet, a Prisoner's Application to Waive Prepayment of the Filing Fee, a Financial Affidavit, an Application for Appointment of Counsel, and a Declaration.[3] Then, on January 18, 2023, Mr. Kone filed a "Motion for Transfer Notice" asking for a transfer of his place of confinement from Seward,

---

[1] The Court notes that Mr. Kone's Petition incorrectly named the State of Alaska as respondent. Docket 1. Mr. Kone subsequently corrected the respondent's name to "the warden of Spring Creek Correctional Center." Docket 8. The Court notes that the current Superintendent of Spring Creek Correctional Center is James Milburn. *See* https://doc.alaska.gov/institutions/spring-creek. *See also* Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

[2] Docket 1, 1-1.

[3] Dockets 2–5.

Alaska to Anchorage, Alaska.[4]  On February 7, 2023, Mr. Kone filed a "Motion for Reconsideration of Notice for Removal" asking the Court to remove his state case to federal court before his state remedies are exhausted.[5]  On February 14, 2023, Mr. Kone filed a Notice to the Court to correct the name of the respondent in this case to "the warden of Spring Creek Correction Center."[6]

The Court takes judicial notice[7] of Mr. Kone's underlying criminal conviction in *State of Alaska v. Kone, Tidiane*, Case No. 3AN-12-08971CR and his post-conviction proceeding, *In the Matter of Kone, Tidiane v. State of Alaska*, Case No. 3AN-18-04627CI.  The Court also takes judicial notice of the previous Section 2254 cases Mr. Kone has filed with this Court regarding the same underlying state criminal case.[8]

---

[4] Docket 6.

[5] Docket 7.

[6] Docket 8.  The Court corrected the case caption based on Mr. Kone's Notice at Docket 8.  *See* n. 1.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[8] *See Kone v. Williams,* 3:19-cv-00230-JKS; *Kone v. Hernandez,* 3:20-cv-00313-JKS.

Case No. 3:22-cv-00233-SLG, *Kone v. Milburn*
Order of Dismissal
Page 2 of 7
Case 3:22-cv-00233-SLG   Document 9   Filed 02/21/23   Page 2 of 7

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[9] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[10] Upon screening, it plainly appears that Mr. Kone is not entitled to habeas relief pursuant to Section 2254 and his petition must be dismissed.

## DISCUSSION

A prisoner may file a subsequent habeas petition when the previous petitions were dismissed without prejudice for failure to exhaust state remedies.[11] This is the third Section 2254 petition Mr. Kone has filed based on the same underlying criminal case.[12] The first Section 2254 action was voluntarily dismissed by Mr. Kone on October 9, 2019, after the Court dismissed the petition with leave to amend because Mr. Kone had failed to exhaust his remedies in the state courts.[13] Mr. Kone's second Section 2254 action was dismissed without prejudice

---

[9] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

[10] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

[11] 28 U.S.C. § 2244(b); *see also In re Turner,* 101 F.3d 1323 (9th Cir. 1996), *as amended* Jan. 21, 1997.

[12] *See* n. 8 supra.

[13] *See Kone v. Williams,* 3:19-cv-00230-JKS, Dockets 1, 3, 4, 8 (challenging his 2014 judgment of conviction as unconstitutional; voluntary dismissal of claims after leave to amend to exhaust state remedies).

Case No. 3:22-cv-00233-SLG, *Kone v. Milburn*
Order of Dismissal
Page 3 of 7
Case 3:22-cv-00233-SLG   Document 9   Filed 02/21/23   Page 3 of 7

by the Court on January 25, 2021, after the Court allowed Mr. Kone an opportunity to address his failure to first raise his federal claims in the state courts or demonstrate why this Court should nonetheless consider his claims. The Court found that Mr. Kone failed to allege any facts that would support colorable arguments of cause and prejudice or actual innocence and cautioned Mr. Kone that "he should not return to this Court until he has fully exhausted any claims he wishes to raise in this Court by presenting them *first* to the Alaska state courts."[14]

Petitions filed under 28 U.S.C. § 2254 must meet strict procedural requirements. A prisoner that is in custody based on a state court conviction cannot maintain a Section 2254 action until he has first exhausted his state court remedies.[15] Exhaustion of state remedies requires a petitioner to fairly present each federal claim to the state courts in order to give the state the opportunity to pass upon and correct any alleged violations of its prisoners' federal rights.[16] To satisfy the "fairly present" requirement, a petitioner must present each federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that each court is alerted to the federal nature of the claim.[17]

---

[14] *Kone v. Hernandez,* 3:20-cv-00313-JKS, Docket 12.

[15] 28 U.S.C. § 2254(b)(1).

[16] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium).

[17] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (relying on *Duncan*, 513 U.S. at 365-66.).

Case No. 3:22-cv-00233-SLG, *Kone v. Milburn*
Order of Dismissal
Page 4 of 7
Case 3:22-cv-00233-SLG   Document 9   Filed 02/21/23   Page 4 of 7

In Alaska, this means that each federal claim must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim must then be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim must be then raised in a petition for hearing to the Alaska Supreme Court.[18] This same process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[19]

In this most recent Petition, Mr. Kone acknowledges that his claims have not been fully exhausted in the state courts. The Superior Court issued a decision dismissing Mr. Kone's amended application for post-conviction on October 4, 2022.[20] Mr. Kone did not appeal that order to the higher state courts; he states he did not appeal because of a "denial for pro se" and "blocking using federal question from trial court."[21] However, a review of the state court records shows that Mr. Kone was represented by counsel in that case. The state trial court's October 4, 2022 dismissal order appears to have been mailed to Mr. Kone's

---

[18] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[19] *See* 28 U.S.C. § 2254(c); see also *O'Sullivan*, 526 U.S. at 844-45. *See generally* Alaska R. Crim. P. 35.1.

[20] Docket 1-2.

[21] Docket 1-1 at 5–7, 9, 11.

Case No. 3:22-cv-00233-SLG, *Kone v. Milburn*
Order of Dismissal
Page 5 of 7
Case 3:22-cv-00233-SLG   Document 9   Filed 02/21/23   Page 5 of 7

attorney of record (Megan Rowe).[22] As explained in previous orders, this Court cannot consider Mr. Kone's federal claims until he has first presented them not only to the Alaska Superior Court, but also to the Alaska Court of Appeals and to the Alaska Supreme Court.[23] Consequently, it plainly appears that Mr. Kone's Petition is not eligible for federal habeas review.

## OTHER MOTIONS

At Docket 6, Mr. Kone filed a "Motion to Transfer Notice." He requests a transfer from Spring Creek Correctional Center to Anchorage to be closer to the Court. Such a motion is outside the scope of habeas relief available in federal court. Accordingly, the motion at Docket 6 must be DENIED. At Docket 7, Mr. Kone filed a "Motion for Reconsideration of Notice of Removal" essentially seeking to remove his state post-conviction proceeding to this Court. However, because Mr. Kone is not the defendant in that state post-conviction case, he cannot avail himself of removal to this Court.[24] And in any event, the trial court proceeding has concluded and the action is therefore not removable at this time. As explained above, Mr. Kone may have an opportunity to litigate his claims in federal court, but only after full state court exhaustion. Accordingly, the motion at Docket 7 is also DENIED.

---

[22] Docket 1- at 1–8.

[23] *See Kone v. Williams,* 3:19-cv-00230-JKS, Dockets 8, 9; *Kone v. Hernandez,* 3:20-cv-00313-JKS, Docket 12.

[24] *See* 28 U.S.C. § 1441(a).

Case No. 3:22-cv-00233-SLG, *Kone v. Milburn*
Order of Dismissal
Page 6 of 7
Case 3:22-cv-00233-SLG   Document 9   Filed 02/21/23   Page 6 of 7

**IT IS THEREFORE ORDERED**:

1. The Petition Under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**, due to Mr. Kone's failure to exhaust his state court remedies.

2. The motions at Docket 6 and Docket 7 are **DENIED.**

3. All other pending motions are **DENIED AS MOOT**.

4. A Certificate of Appealability shall not issue.[25]

5. The Clerk of Court is directed to enter a Final Judgment and terminate this action.

DATED this 21st day of February, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[25] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:22-cv-00233-SLG, *Kone v. Milburn*
Order of Dismissal
Page 7 of 7
Case 3:22-cv-00233-SLG   Document 9   Filed 02/21/23   Page 7 of 7